UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WALTER HIDALGO and MICHELLE
HIDALGO,

                     Plaintiffs,

         -against-

STATE OF NEW YORK, and ANDREW
CUOMO as Governor of the State of New
York, and the SUFFOLK COUNTY
DEPARTMENT OF SOCIAL SERVICES.
and GREGORY BLASS, as Commissioner,

                     Defendants.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 11-5074 (JS)(ARL)

**LINDSAY, Magistrate Judge:**

Before the court, on referral from District Judge Seybert, is the plaintiffs' motion for a preliminary injunction directing the defendants to immediately cease and desist from pursuing a support proceeding in the Suffolk County Family Court against Walter Hidalgo. For the reasons set forth below, the undersigned recommends that the injunction be denied.

## BACKGROUND

In January 2008, the plaintiff, Walter Hidalgo, married the plaintiff, Michelle Hidalgo. *See* Complaint at ¶ 20. Michelle Hidalgo is the biological mother of Lanasia J, who was previously a ward of the state and has now returned to live with the plaintiffs. *Id.* at ¶ 22. Lanasia J. is not the biological child of Walter Hidalgo and had not been adopted by him. *Id.* at ¶ 24. In August 2011, an Order of Support was entered in the Family Court against Michelle Hidalgo, requiring her to provide $75 weekly, retroactive to November 22, 2010. *Id.* at ¶ 26. Subsequent to the entry of that order, the defendant, Department of Social Services, commenced

a support proceeding against Walter Hidalgo, pursuant to Family Court Act sections 413, 415-416, 421-424, 432, 440 and 571 and Social Services Law sections 101, 102, and 111-g. *Id.* at ¶ 27. The petition alleges that Walter Hidalgo has failed to provide fair and reasonable support for Lanasia J. since November 22, 2010. *Id.* The proceeding is scheduled for November 22, 2011.

The plaintiffs claim that Family Court Act § 415 and Social Services Law § 101, which state that stepparents are responsible for the support of children who are receiving, or are liable to become in need of, public assistance, violate the Equal Protection and Privileges and Immunities Clauses of the Fourteenth Amendment. Specifically, the plaintiffs argue that the laws infringe on the fundamental right to marry by creating an economic obligation upon persons choosing to marry a person who has a child who is, or is liable to become, a public charge. The plaintiff Walter Hidalgo further argues that laws violate his right to equal protection and substantive due process because he is being treated differently than (1) single persons who are in committed relationships with other people who have children who are on public assistance, (2) married persons who adopt such children, (3) persons who divorce and have such children, and (4) stepparents that are not impoverished so are unlikely to have stepchildren in need of public assistance. The plaintiffs seek to permanently enjoin the defendants from conducting support proceedings against stepparents such as Walter Hidalgo.

## DISCUSSION

"Any request for injunctive relief against a state proceeding instantly brings into focus the important doctrines of federalism and abstention."[1] *Oxford House, Inc. v. City of Albany,* 819 F. Supp. 1168, 1171 (N.D.N.Y. 1993). "In examining these doctrines, the court first turns to a

---

[1] Surprisingly, this threshold issue was not raised by either party in their motion papers.

statutory prohibition of federal injunctions of state court proceeding - the Anti-Injunction [Act]."

*Id.* The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. "The purpose of the Anti-Injunction Act is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Baumgarten v. County of Suffolk,* 2007 U.S. Dist. LEXIS 39229 * 6 (E.D.N.Y. Feb. 20, 2007)(citing *Vendo Co. v. Letkro-Vend Corp.*, 433 U.S. 623 (1977)). As explained by the Supreme Court:

> A federal court does not have inherent power to ignore the limitations of § 2283 and to enjoin state court proceedings merely because those proceedings interfere with a protected federal right or invade an area pre-empted by federal law, even when the interference is unmistakably clear. Rather, when a state proceeding presents a federal issue, even a preemption issue, the proper course is to seek resolution of that issue by the state court.

*Id.* (citing *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140. 140-50 (1988). Accordingly, the court cannot stay the Family Court proceeding unless one of the three exceptions applies.

**A. "Expressly Authorized by Act of Congress"**

The first exception permits a federal court to enjoin a state proceeding when expressly authorized by Act of Congress. *Mitchum v. Foster,* 407 U.S. 225 (1972). The Supreme Court has held that actions under 42 U.S.C. § 1983 may fall within the phrase "except as expressly authorized by Act of Congress." *Id.* at 226. "In so concluding," the Supreme Court stated that it was not qualifying "in any way the principles of equity, comity, and federalism that must restrain

3

a federal court when asked to enjoin a state court proceeding." *Id.* at 243. It decided only that "the District Court in [that] case was in error in holding that, because of the anti-injunction statute, it was absolutely without power . . . to enjoin a proceeding pending in a state court under any circumstances whatsoever." *Id.*

The threshold question of when the court should abstain from exercising jurisdiction over actions brought under 42 U.S.C. § 1983 has divided courts in this circuit. The Second Circuit cited to *Mitchum* for the proposition that the Anti-Injunction Act was inapplicable in actions brought under 42 U.S.C. § 1983. *See Texaco, Inc. v. Pennzoil, Co.,* 784 F.2d 1133 (2d Cir. 1986). *Texaco* concerned mandatory provisions of Texas law governing enforcement of money judgments. Concluding that the Anti-Injunction Act was not intended to force a § 1983 claimant to vindicate federal rights in state court, the Court added that an injunction was proper in that case given the fact that it would not interfere with an ongoing state court proceeding or otherwise offend basic principles of comity. *Id.* at 1149-50. The Supreme Court reversed the holding in *Texaco* based upon principles of federalism as enunciated in *Younger v. Harris,* 401 U.S. 37 (1971). *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). While not addressing the applicability of the Anti-Injunction Act, the Supreme Court nonetheless concluded that a federal court should stay its hand and allow state courts to resolve federal claims presented in ongoing state litigation particularly where significant state interests are involved. *Id.* at 12-14.

In *Oxford House, Inc. v. City of Albany*, the court, citing to *Mitchum*, enjoined the trial of a zoning code violation finding that the proscriptions of the Anti-Injunction Act did not apply to a claim brought under § 1983. *Oxford House, Inc.*, 819 F. Supp. 1168 (N.D.N.Y. 1993). Similarly, in *Bowen v. Doyle,* 880 F. Supp 99 (W.D.N.Y. 1995), the court enjoined the Justice of

4

the New York Supreme Court from adjudicating an action involving the government of the Seneca Nation. *Id.* There, the court found that 42 U.S.C. § 1983 was a statute that expressly authorized federal court injunctions of state court proceedings. *Id.* at 130.

More recently, however, in *Baumgarten v. County of Nassau,* 2007 U.S. Dist. LEXIS 39229 * 7 (E.D.N.Y. Feb. 20, 2007)(JS), this Court held that the "expressly authorized" exception to the Anti-Injunction Act could not be relied upon in a § 1983 action to enjoin a state court eviction order. *Id.* at * 7. There, the plaintiff commenced a § 1983 action alleging that the Department of Social Services' cessation of her rent subsidies was in retaliation for the plaintiff's exercise of her First Amendment rights when she brought a 2004 action against the County of Suffolk. Relying on the first part of the *Mitchum* test, the court concluded that the equitable remedy sought by the plaintiff, that being, barring of her eviction and requiring the defendants to pay her relocation costs, was not a uniquely federal remedy that could only be enforced in federal court. *Id.; see also Sierra v. City of New York,* 528 F. Supp. 2d 465, 468 (S.D.N.Y. 2008)(finding exception inapplicable in Fair Housing Act case where rights were enforceable in both state and federal courts); *c.f. Salem Inn Inc. v. Frank,* 364 F. Supp 468 (E.D.N.Y. 1973)(holding anti-injunction act inapplicable in civil rights action).

Guided by the holding in *Baumgarten,* and the principles enunciated in *Pennzoil*, the undersigned finds that the first exception to the general prohibition in the Anti-Injunction Act does not apply. This matter concerns two New York laws that hold stepparents liable for the support of stepchildren who are receiving, or are liable to become in need of, public assistance, as long as the stepparents have knowledge of the existence of the children at the time of their marriages. Since this matter involves questions concerning family relations and support,

5

significant state interests are involved in this case.  *See Gorelik v. Lippman,* 2006 U.S. Dist LEXIS 18679 *14 (E.D.N.Y. Apr. 12, 2006); *Cogswell v. Rodriguez,* 304 F. Supp. 2d 350, 357 (E.D.N.Y. 2004)(proceedings involving child support involve important state interests).  The broad holding in *Oxford House* that the Anti Injunction Act can never apply to 1983 claims ignores important elements of comity and federalism addressed in both *Mitchum* and *Pennzoil.* Any other conclusion would simply encourage state court litigants to attempt end runs of state court proceedings by initiating 1983 claims in federal court.  Accordingly, this court should allow the state court to resolve Hidalgo's federal claims.

**B.  "Necessary in Aid of Its Jurisdiction"**

"The second exception permits a federal court to enjoin a state court proceeding when necessary in aid of the federal court's jurisdiction." *Baumgarten,* 2007 U.S. Dist. LEXIS at * 22. The second exception was traditionally interpreted to apply to cases involving the disposition of real property where the federal court has acquired jurisdiction over the *res* before the state court does.  *Sierra,* 528 F. Supp. 2d at 468 (*citing Vendo Co.,* 433 U.S. at 641).  However, some courts, including this court, have recently taken the position that the exception applies beyond *in rem* cases to cases that are either analogous to *in rem* cases or where injunctive relief is necessary to prevent a state court from interfering with a federal court's consideration or disposition of a case.  *Id.*

In *Armstrong  v. Real Estate International , Ltd.*, 2006 U.S. Dist. LEXIS 7630 (E.D.N.Y. 2006), the court analyzed this second exception noting "this exception is triggered only when 'some federal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's

flexibility and authority to decide that case.'" *Id.* The *Armstrong* court found that because the plaintiff could pursue her claims as a defense to the eviction claim the necessity exception did not apply. In examining the applicability of this exception, Judge Johnson rejected the plaintiff's argument that the Housing Court would likely sever the eviction proceeding from an equitable defense or counterclaim noting that, even if they did, the plaintiff would not be prevented from litigating the federal claims in state court. Judge Johnson stated:

> Her ability to do so, regardless of which state court would have the jurisdiction to hear her claims, undermines any argument that the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act would apply. See, e.g., Atlantic Coast Line R.R. Co., 398 U.S. at 295 (noting as part of analysis of "necessary in aid of" exception that the ability of that plaintiff to bring federal claims [*14] as well as state claims in state court made this exception inapplicable).

*Id.* at *13. Similarly, in this matter, the plaintiff seeks to enjoin a proceeding in the New York State Family Court, which is a court of limited jurisdiction. New York Family Court Act § 115. However, even if the Family Court's jurisdiction to hear this defense sounding in § 1983 is limited, the plaintiff's claim may nonetheless be heard in state court. *See Roach v. Morse,* 440 F.3d 53, 56 (2d Cir. 2006). Therefore, the second exception to the Anti-Injunction Act does not apply.

**C. "To Protect or Effectuate its Judgments"**

The third exception permits a federal court to enjoin a state proceeding when it is "necessary to prevent parties to a final federal judgment from attempting to undermine it by subsequently relitigating the same claim in state court." *Baumgarten,* 2007 U.S. Dist. LEXIS at *26-27. 'As there is no final judgment here, this exception does not apply." *Id.*

## CONCLUSION

As no exception to the Anti-Injunction Act applies, the court is barred from enjoining the support proceeding against Walter Hidalgo. Thus, the undersigned recommends that the preliminary injunction be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being served by the Court on all parties. In view of the fact that the support proceeding against Walter Hidalgo is scheduled for November 22, 2011, any objections to this Report and Recommendation must be electronically filed with the Clerk of the Court by the close of business on November 18, 2011. *See Hispanic Counseling Ctr., Inc. v. Incorporated Village of Hempstead,* 237 F. Supp. 2d 284, 289-290 (E.D.N.Y. 2002) (time period for filing objections to report and recommendation "may be shortened where exigencies exist");*see also Grayson v. Cathcart,* No. 08-MC-33 (RRM)(JO), 2009 WL 4723271, at *4 (E.D.N.Y. Dec. 3, 2009) (same). Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
November 17, 2011

_____/s/_____
Arlene R. Lindsay
United States Magistrate Judge