```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
WALTER HIDALGO and MICHELLE HIDALGO,

                    Plaintiffs,              MEMORANDUM & ORDER
                                             11-CV-5074(JS)(ARL)
          -against-

STATE OF NEW YORK, ANDREW CUOMO, as
Governor of the State of New York,
SUFFOLK COUNTY DEPARTMENT OF SOCIAL
SERVICES, and GREGORY BLASS, as
Commissioner,

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiffs:           John W. Ray, Esq.
                          Vesselin Venelinov Mitev, Esq.
                          John Ray & Associates
                          122 North Country Road
                          P.O. Box 5440
                          Miller Place, NY 11764

For Defendants:
State of N.Y. &           Derrick Jeffrey Robinson, Esq.
Governor Cuomo            New York State Office of the Attorney
                          General
                          200 Old Country Road, Suite 240
                          Mineola, NY 11501

Suffolk County Dep't      Drew W. Schirmer, Esq.
of Social Services &      Suffolk County Attorney's Office
Gregory Blass             100 Veterans Memorial Highway
                          P.O. Box 6100
                          Hauggauge, NY 11788
```

SEYBERT, District Judge:

        Presently pending before the Court are Plaintiffs Walter and Michelle Hidalgo's ("Plaintiffs") objections to Magistrate Judge Arlene R. Lindsay's Report and Recommendation ("R&R"). For the reasons that follow, Plaintiffs' objections

are SUSTAINED, and the Court ADOPTS WITH MODIFICATION Judge Lindsay's R&R.

BACKGROUND

The Court assumes familiarity with the factual background of this case as detailed in Judge Lindsay's R&R. Briefly, Plaintiffs commenced this 42 U.S.C. § 1983 action on October 18, 2011, to challenge the constitutionality of New York Social Services Law § 101 and New York Family Court Act § 415, which state that stepparents are liable for the support of their spouse's children who are receiving or have received public assistance or welfare. Plaintiffs, in their Complaint, seek (i) a declaratory judgment that these statutes are unconstitutional as violating the Equal Protection Clause and the Privileges and Immunities Clause; (ii) an injunction enjoining Defendants from conducting such support proceedings against stepparents; and (iii) attorneys' fees and costs.

With the Complaint, Plaintiffs filed an application for a temporary restraining order ("TRO") and a preliminary injunction enjoining the State and Defendant Suffolk County Department of Social Services from enforcing § 415 of the Family Court Act and § 101 of the Social Services Law against stepparents such as Plaintiff Walter Hidalgo. Such a support proceeding against Mr. Hidalgo has been scheduled for November 22, 2011. On October 18, 2011, the Court denied Plaintiffs'

2

application for a TRO and referred the motion for a preliminary injunction to Judge Lindsay for an R&R.

Judge Lindsay issued the R&R on November 17, 2011 denying the preliminary injunction as barred by the Anti-Injunction Act (the "Act"), 28 U.S.C. § 2283. On November 18, 2011, Plaintiffs filed their objections to the R&R, arguing that the Anti-Injunction Act is inapplicable to § 1983 claims. The Court agrees with Plaintiffs, but nonetheless denies Plaintiffs' motion for a preliminary injunction (i) as barred by the Younger abstention doctrine and (ii) for failing to establish irreparable harm.

DISCUSSION

I.  Standard of Review

"When evaluating the report and recommendation of a magistrate judge, the district court may adopt those portions of the report to which no objections have been made and which are not facially erroneous." Walker v. Vaughan, 216 F. Supp. 2d 290, 291 (S.D.N.Y. 2002) (citation omitted). A party may serve and file specific, written objections to a magistrate's report and recommendation within fourteen days of receiving the recommended disposition.[1] See Fed. R. Civ. P. 72(b)(2). Upon receiving any timely objections to the magistrate's

---

[1] Given the exigency of the circumstances--the support proceeding is scheduled for November 22, 2011--Judge Lindsay significantly shortened the time for filing objections.

recommendation, the district "court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also FED. R. CIV. P. 72(b). A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they object. See Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted).

When a party raises an objection to a magistrate judge's report, the Court must conduct a de novo review of any contested sections of the report. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). But if a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting Barratt, 2002 WL 335014, at *1). Furthermore, even in a de novo review of a party's specific objections, the Court ordinarily will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." Kennedy v. Adamo, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006) (internal quotation marks and citation omitted).

II. <u>Plaintiffs' Objections and the Anti-Injunction Act</u>

Plaintiffs assert that Judge Lindsay incorrectly concluded that the Act bars the Court from issuing an injunction in this case. The Court thus reviews Judge Lindsay's application of the Act de novo.

The Act provides as follows:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in the aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Therefore, as Judge Lindsay correctly concluded, this Court may not stay the Family Court proceeding unless one of the three exceptions enumerated in the Act applies.

However, it is clearly established that § 1983 claims fall within one of the exceptions. The Supreme Court in <u>Mitchum v. Foster</u>, 407 U.S. 225, 243, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972), held that "§ 1983 is an Act of Congress that falls within the 'expressly authorized' exception of [the Act]." <u>See also</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 9, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987) ("Because § 1983 is an exception to the Anti-Injunction Act, the court also found that the Anti-Injunction Act did not prevent the District Court from granting [injunctive] relief . . . ." (citation omitted)); <u>Mussman v.</u>

5

Scalera, No. 03-CV-1068, 2003 WL 22299002, at *6 n.8 (N.D.N.Y. Oct. 6, 2003) ("[T]he Mitchum Court concluded that 42 U.S.C. § 1983 of the Civil Rights Act qualified as an express authorization under the Anti-Injunction Act."); McNeill v. N.Y.C. Hous. Auth., 719 F. Supp. 233, 256 n.29 (S.D.N.Y. 1989) ("As the Supreme Court held in Mitchum v. Foster, § 1983 is an Act of Congress that falls within the 'expressly authorized' exception to the anti-injunction act." (internal quotation marks and citation omitted)).

Therefore, to the extent that Plaintiffs' objections assert that Judge Lindsay incorrectly concluded that the Act barred their claims, their objections are SUSTAINED.

II. Plaintiffs are Not Entitled to a Preliminary Injunction

To the extent that Plaintiffs' objections assert that they are otherwise entitled to a preliminary injunction, their objections are OVERRULED.

A. Younger Abstention Doctrine

"The mere fact that 42 U.S.C. § 1983 constitutes an 'expressly authorized' exception to the absolute bar against federal injunctions directed at state proceedings provided by [the Act] in no way qualifies 'the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" Bedrosian v. Mintz, 518 F.2d 396, 399 (2d Cir. 1975) (quoting Mitchum, 407 U.S. at 243). The

6

Court must still analyze whether it should abstain under the principles of federalism enunciated in Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). See Pennzoil, 481 U.S. at 10. The Court may address the applicability of the Younger abstention doctrine sua sponte. See Catlin v. Ambach, 820 F.2d 588, 591 (2d Cir. 1987) (citing Bellotti v. Baird, 428 U.S. 132, 143 n.10, 96 S. Ct. 2857, 49 L. Ed. 844 (1976)); see also Shelley v. Gulotta, No. 09-CV-4883, 2010 WL 309011, at *1 (E.D.N.Y. Jan. 26, 2010).

"As the Supreme Court emphasized in Younger v. Harris, federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings. This principle of abstention is grounded in interrelated principles of comity and federalism." Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) (citations omitted). Younger abstention is mandatory when three conditions are met: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002) (citing Grieve v. Tamerin, 269 F.3d 149, 152 (2d Cir. 2001).

The Court finds that the Younger abstention conditions are met here. First, the state court proceedings are still ongoing. The support proceeding at issue is scheduled for November 22, 2011. Second, the State has an important interest in the administration of its welfare programs. See, e.g., Trainor v. Hernandez, 431 U.S. 434, 444, 97 S. Ct. 1911, 52 L. Ed. 2d 486 (1977) (stating that the state has an important interest in the fiscal integrity of its public assistance programs); Moore v. Sims, 442 U.S. 415, 435, 99 S. Ct. 2317, 60 L. Ed. 2d 994 (1979) ("Family relations are a traditional area of state concern."); see also Mendez v. Heller, 530 F.2d 457, 461 (2d Cir. 1976) ("[W]e should be especially careful to avoid unnecessary or untimely interference with the State's administration of its domestic policies."). Finally, the Family Court proceeding provides an adequate forum for Plaintiffs to adjudicate their federal constitutional claims. See Reinhardt v. Mass. Dep't of Soc. Servs., 715 F. Supp. 1253, 1257 (S.D.N.Y. 1989) ("Clearly, the Family Court of New York is bound by the Federal Constitution. Thus, notions of comity and federalism compel the assumption that the Family Court is competent to hear and thoughtfully consider the plaintiff's constitutional challenges."); see also Thomas v. N.Y. City, 814 F. Supp. 1139, 1150 (E.D.N.Y. 1993); Martinez v. Scopetta, No. 96-CV-7580, 1997 WL 316714, at *2 (S.D.N.Y. June 10, 1997). The fact that

Plaintiffs may be unable to recover attorneys' fees from the Family Court is of no merit. See Kirschner v. Klemons, 225 F.3d 227, 235 (2d Cir. 2000) (holding that inability to obtain attorneys' fees would not render Younger inapplicable).[2]

Therefore, the Court finds that the Younger abstention doctrine applies and bars this Court from granting the preliminary injunction.[3]

B. Irreparable Harm

Additionally, the Court finds that Plaintiffs have failed to establish that they otherwise are entitled to a preliminary injunction. "In order to obtain a preliminary injunction, the movant must show, inter alia, 'that irreparable injury is likely in the absence of an injunction.'" Kraft Foods Global, Inc. v. Starbucks Corp., 411 Fed. Appx. 428, 429 (2d

---

[2] The Second Circuit in Kirschner also noted that "the Supreme Court has held that attorneys' fees are available in state court pursuant to 42 U.S.C. § 1988 whenever § 1983 claims are adjudicated." 225 F.3d at 236 n.2 (citing Maine v. Thiboutot, 448 U.S. 1, 9, 100 S. Ct. 2502, 65 L. Ed. 2d 555 (1980)).

[3] "Despite the strong policy in favor of abstention, a federal court may nevertheless intervene in a state proceeding upon a showing of 'bad faith, harassment or any other unusual circumstance that would call for equitable relief.'" Diamond "D", 282 F.3d at 198 (quoting Younger, 401 U.S. at 54). Plaintiffs bear the burden of establishing that one of these exceptions applies. Id. (citing Kirschner v. Klemons, 225 F.3d 227, 235-36 (2d Cir. 2000)). Plaintiffs do not allege that any of these exceptions apply here, nor do the facts asserted in the Complaint and the preliminary injunction motion support the application of one of these exceptions.

9

Cir. 2011) (quoting Winter v. NRDC, 555 U.S. 7, 129 S. Ct. 365, 375, 172 L. Ed. 2d 249 (2008) (emphasis in original)). "To satisfy the irreparable harm requirement, Plaintiffs must demonstrate that absent a preliminary injunction they will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F.3d 60, 66 (2d Cir. 2007) (internal quotation marks and citations omitted). Plaintiffs assert that Mr. Hidalgo faces irreparable harm in the form of "a) an order of support; b) loss of licenses[;] and c) incarceration." (Pl. Reply 1.) The Court finds that this is an insufficient showing of irreparable harm. First, "[m]onetary loss alone will generally not amount to irreparable harm," Borey v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa., 934 F.2d 30, 34 (2d Cir. 1991), so any support order issued by the Family Court requiring Mr. Hidalgo to pay does not justify a preliminary injunction. "[W]hen a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted." Id. (citing Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir. 1979)). Second, the penalties that Mr. Hidalgo faces if he fails to comply with any support order--for example, driver's

license suspension, credit bureau referral, passport denial, bank account seizure--are too speculative to amount to irreparable harm. No support order has been issued, so Mr. Hidaldo does not know that he will be unable to afford it. And he only faces the above-mentioned penalties if he fails to pay the court-ordered support. This "mere possibility of irreparable harm is insufficient to justify the drastic remedy of a preliminary injunction." Id.

## CONCLUSION

For the foregoing reasons, Plaintiffs' objections are SUSTAINED, and Judge Lindsay's R&R is ADOPTED WITH MODIFICATION. Thus, Plaintiffs' motion for a preliminary injunction is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   November 21, 2011
         Central Islip, NY