```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
WALTER HIDALGO and MICHELLE HIDALGO,

                    Plaintiffs,

       -against-                        MEMORANDUM & ORDER
                                        11-CV-5074(JS)(GRB)
STATE OF NEW YORK, ANDREW CUOMO, as
Governor of the State of New York,
SUFFOLK COUNTY DEPARTMENT OF SOCIAL
SERVICES, and GREGORY BLASS, as
Commissioner,

                    Defendants.
----------------------------------X
```

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y
★ AUG 20 2012 ★
LONG ISLAND OFFICE

APPEARANCES
For Plaintiffs:      John W. Ray, Esq.
                     Vesselin Venelinov Mitev, Esq.
                     John Ray & Associates
                     122 North Country Road
                     P.O. Box 5440
                     Miller Place, NY 11764

For Defendants:
State of N.Y. &      Derrick Jeffrey Robinson, Esq.
Governor Cuomo       Dorothy O. Nese, Esq.
                     N.Y.S. Office of the Attorney General
                     200 Old Country Road, Suite 240
                     Mineola, NY 11501

Suffolk County Dep't  Drew W. Schirmer, Esq.
of Social Services &  Suffolk County Attorney's Office
Gregory Blass         100 Veterans Memorial Highway
                     P.O. Box 6100
                     Hauppauge, NY 11788

SEYBERT, District Judge:

Presently pending before the Court is Walter and Michelle Hidalgo's ("Plaintiffs") motion for reconsideration of the Court's November 21, 2011 Memorandum and Order (the "November Order") adopting with modification Magistrate Judge

Arlene Rosario Lindsay's Report and Recommendation ("R&R") and denying Plaintiffs' motion for a preliminary injunction. For the following reasons, Plaintiffs' motion for reconsideration is DENIED.

BACKGROUND

The Court assumes familiarity with the underlying facts of this case and directs the reader to both Judge Lindsay's R&R (Docket Entry 17)[1] and the Court's November Order (Docket Entry 19)[2] for a detailed summary. The Court will briefly discuss the relevant procedural background.

Plaintiffs commenced this action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of provisions of the New York Social Services Law and the New York Family Court Act which, together, hold stepparents liable for supporting their spouse's children who are receiving or have received public assistance or welfare. (Docket Entry 1.) Plaintiffs simultaneously filed applications for a temporary restraining order ("TRO") and a preliminary injunction seeking to enjoin the State of New York and Suffolk County from enforcing these allegedly unconstitutional provisions. (Docket Entry 2.) Plaintiffs argued that such preliminary relief was

---

[1] Hidalgo v. New York, No. 11-CV-5074, 2011 WL 5838489 (E.D.N.Y. Nov. 17, 2011).

[2] Hidalgo v. New York, No. 11-CV-5074, 2011 WL 5838494 (E.D.N.Y. Nov. 21, 2011).

2

necessary because a support proceeding against Mr. Hidalgo had been scheduled in Family Court for November 22, 2011.[3]

On October 18, 2011, the Court denied Plaintiffs' TRO and referred their application for a preliminary injunction to Judge Lindsay. (Docket Entries 4, 6.) On November 17, 2011, Judge Lindsay issued an R&R denying Plaintiffs' request for a preliminary injunction as barred by the Anti-Injunction Act, 28 U.S.C. § 2283. (Docket Entry 17.) On November 18, 2011, Plaintiffs filed objections to the R&R, arguing that the Anti-Injunction Act does not apply to Section 1983 claims. (Docket Entry 18.) On November 21, 2011, the Court issued the November Order sustaining Plaintiffs' objections but nonetheless denying Plaintiffs' motion for a preliminary injunction as barred by the Younger abstention doctrine and, in the alternative, for failing to establish irreparable harm. (Docket Entry 19.)

On December 5, 2011, Plaintiffs filed the pending motion for reconsideration. (Docket Entry 21.)

DISCUSSION

The Court will discuss the standard of review applicable to motions for reconsideration before addressing the merits of Plaintiffs' arguments.

---

[3] Neither party has updated the Court regarding the progress and/or outcome of this proceeding.

3

I.  Standard of Review

"Local Rule 6.3 requires that, in a motion for reconsideration, the movant must 'set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked.'" Grand Crossing, L.P. v. U.S. Underwriters Ins. Co., No. 03-CV-5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (alteration in original) (quoting SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., L.L.C., 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006)).  "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks and citation omitted).  "The motion is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." Morales v. Quintiles Transnat'l Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (internal quotation marks and citation omitted).

II. Plaintiffs' Motion

Plaintiffs make three arguments in support of their motion for reconsideration:  (1) the Court overlooked an exception to the Younger doctrine allowing for federal intervention in unusual circumstances--i.e., when a statute is

4

"blatantly violative" of a constitutional right (Pls. Mem. 2), (2) a Family Court Support Magistrate is jurisdictionally incapable of hearing and ruling on Plaintiffs' constitutional claims, and (3) Plaintiffs will suffer irreparable harm if the Court does not intervene in the Family Court support proceeding. Because the Court finds that Plaintiffs have failed to present evidence and/or legal authority that the Court overlooked in concluding that there is no risk of irreparable harm, it will not address the validity of Plaintiffs' other arguments.[4]

---

[4] Plaintiffs' other arguments are nonetheless without merit. A case is "pending" for the purposes of Younger abstention until appellate remedies have been exhausted, and here "there is no indication that [P]laintiff[s] lack[] the opportunity to air [their] complaints in New York appellate courts." Lomtevas v. Cardozo, No. 05-CV-2779, 2006 WL 229908, at *4 (E.D.N.Y. Jan. 31, 2006); see also Glatzer v. Barone, 394 F. App'x 763, 765 (2d Cir. 2010) ("Fundamental to Younger is the principle that a party . . . must exhaust his appellate remedies before seeking relief in the District Court . . . ." (alterations in original) (internal quotation marks and citation omitted)); cf. Levy v. Lerner, 853 F. Supp. 636, 642 (E.D.N.Y. 1994) ("Even if the litigant has not raised his federal claims in state court, the federal court 'should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.'" (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S. Ct. 1519, 95 L. Ed. 2d 1 (1987)). Further, "the possible unconstitutionality of a statute 'on its face' does not in itself justify an injunction against good-faith attempts to enforce it." Younger v. Harris, 401 U.S. 37, 54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Rather, the statute must be "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." Id. at 53-54 (internal quotation marks and citation omitted). The unconstitutionality of the statutes in question is not so obvious. In addition, federal courts may only intervene in an ongoing state proceeding where there is a "great

"A showing of irreparable harm is essential to the issuance of a preliminary injunction." Shapiro v. Cadman Towers, Inc., 51 F.3d 328, 332 (2d Cir. 1995). Plaintiffs allege that the Court overlooked two types of harm that they will suffer if a preliminary injunction is not issued.

First, Plaintiffs assert that Mr. Hidalgo will suffer financial harm if a support order is entered because "Mr. Hidalgo is a stay-at-home stepparent and parent [who] can't afford any payment." (Pls. Mem. 7.) But, as the Court held in its November Order, "'when a party can be fully compensated for financial loss by a money judgment, there is simply no compelling reason why the extraordinary equitable remedy of a preliminary injunction should be granted.'" November Order, 2011 WL 5838494, at *4 (quoting Borey v. Nat'l Union Fire Ins. Co., 934 F.2d 30, 34 (2d Cir. 1991)). Plaintiffs "respectfully submit[]" that "[e]ven the smallest amount of monetary deprivation constitutes irreparable harm, when brought by the state against one person to pay another person's debts." (Pls. Mem. 7.) However, Plaintiffs provide no legal authority in support of such an assertion, and while monetary loss may support a finding of irreparable harm "in situations where the party that might ultimately be ordered to pay the monetary

---

and immediate" risk of irreparable injury, id. at 45, and as the Court explains below, Plaintiffs have failed to establish any risk of irreparable injury here.

6

damages is insolvent or facing imminent bankruptcy[] or is in a perilous financial state," WestLB AG v. BAC Fla. Bank, No. 11-CV-5398, 2012 WL 3135825, at *5 (S.D.N.Y. Aug. 2, 2012) (internal quotation marks and citation omitted), "conclusory assertions of [a] defendant['s] financial weakness do not demonstrate a likelihood of such harm," Fluor Daniel Argentina, Inc. v. ANZ Bank, 13 F. Supp. 2d 562, 564 (S.D.N.Y. 1998) (alterations in original) (internal quotation marks and citation omitted). Here, Plaintiffs provide the Court with nothing but conclusory assertions regarding Mr. Hidalgo's financial state.[5] Further, the Family Court will not enter a support order that will bankrupt or otherwise harm Mr. Hidalgo and his family, especially if his financial condition is as dire as his lawyer contends. King v. Pine Plains Cent. Sch. Dist., 923 F. Supp. 541, 546 (S.D.N.Y. 1996) ("[W]e note that N.Y. FAM. CT. ACT § 415 directs the Family Court to set a support payment amount that is 'fair and reasonable.' We feel confident in stating that such a standard does not encompass the entry of a support order that would drive the plaintiffs into bankruptcy or otherwise cause them irreparable financial harm.").

---

[5] The Court notes that Plaintiffs had sufficient resources to pay the filing fee in this action and did not seek leave to proceed in forma pauperis, thus undermining Plaintiffs' conclusory assertion that Mr. Hidalgo could not afford "any payment" (Pls. Mem. 7).

7

Second, Plaintiffs assert that the Court overlooked "the drastic and severe strain that th[e support] proceeding has placed on the Hidalgos' marriage." (Pls. Mem. 8.) However, this type of alleged injury does not constitute irreparable harm. See, e.g., Ahmad v. Chi. Sch. Reform Bd. of Trustees, No. 98-CV-6983, 1999 WL 965453, at *7 n.6 (N.D. Ill. Sept. 30, 1999) (finding that "strain on familial relationships" does not constitute irreparable injury). Even if such marital strain did, courts require more than unsupported factual conclusions to support a finding of irreparable harm. See Caldwell Mfg. Co. N. Am., L.L.C. v. Amesbury Grp., Inc., No. 11-CV-6183T, 2011 WL 3555833, at *4 (W.D.N.Y. Aug. 11, 2011) (collecting cases).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.

If the parties still intend to move for summary judgment, they shall exchange 56.1 Statements by September 20, 2012, serve 56.1 Counterstatements by October 4, 2012, and file pre-motion letter(s) by October 18, 2012.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August 20, 2012
Central Islip, NY

8